VALVONA v. D'ADAMO.

(Circuit Court, E. D. Pennsylvania. February 24, 1905.)

No. 40.

1. PATENTS—INVENTION.
   Where a patent discloses invention in some degree, the courts are not called upon to measure it by an exacting standard.
   [Ed. Note.—For cases in point, see vol. 38, Cent. Dig. Patents, §§ 14–19.]

2. SAME—ANTICIPATION—FOREIGN PATENTS.
   A United States patent will not be defeated by a prior foreign patent, unless it describes or shows the patented invention in such full, clear, and exact terms as to enable any person skilled in the art to practice it without the necessity of experimenting.

3. SAME—MOLDS FOR BISCUIT CUPS.
   The Valvona patent, No. 701,776, for a mold and oven for making biscuit cups to be used for holding ice cream, was not anticipated, and discloses invention; also held infringed.

In Equity. Suit for infringement of letters patent No. 701,776, for a combined mold and oven for making biscuit cups, granted to Antonio Valvona June 2, 1902. On final hearing.

Ernest Howard Hunter, for complainant.
C. Bradford Fraley, for respondent.

J. B. McPHERSON, District Judge. The patent in controversy is No. 701,776, issued June 2, 1902, and relates to improved apparatus for baking biscuit cups to be used for holding ice cream. The character and objects of the device appear in the following quotation from the specification:

"By the use of the apparatus of this invention I make cups or dishes of any preferred shape or design from dough or paste in a fluid state, that is preferably composed of the same materials as are employed in the manufacture of biscuits, and, when baked, the said cups or dishes may be filled with ice cream, which can then be sold by the venders of ice cream in public thoroughfares or other places. In order to produce said cups or dishes, I provide a combined metallic mold and oven, consisting of two plates, as a and b, each of said plates having a piece, c, projecting from its edge at one side, connected by a hinge, d, and each plate provided with a handle, e, projecting from its opposite edge. The faces of the aforesaid two plates are provided or formed, respectively, with one or more cores, f, and dies, g, one fitting into the other, with a small space between them, when the faces of said plates are placed close to each other. All the heat-absorbing and conducting sides of the mold are of substantially the same thickness, so that heat may be evenly conducted through the body of the mold, as will be seen by reference to the drawings.

"The biscuit dough or paste, which is of the consistency of a thick fluid, is poured from a can, that may be provided with one or more spouts for depositing the required quantity of paste either successively or simultaneously in each of the dies or molds, g. The plates are then closed, and the cup or dish is formed by the dough being pressed into the space between the core, f, and the

mold, g. It is then baked by the apparatus being placed over a gas or other fire, the formation of the said apparatus enabling it to be turned as frequently as required, and the biscuit cup thereby uniformly baked. To make these thin-shaped cups satisfactorily from paste, with the thin walls described, and to insure their proper turning out of the molds in good shape, properly baked, I find it necessary to first heat the molds, then pour in the batter and bake with the projections downward for awhile, then reverse the mold and bake in that position. This enables me to readily remove the cups from the mold in perfect condition, and to this end I have constructed my mold so as to enable it to be readily reversed, and to occupy a stable position on the top of the gas range or the like."

The claim of the patent is as follows:

"A combined mold and oven for producing biscuit cups or dishes, consisting of two metal plates connected together by a hinge, and provided with handles and means for securing said plates in closed position, the opposing inner faces of the said plates being provided, one with a projecting core, and the other with an indented mold in the metal of such face, into which the core fits, with a small space between the two, and the outer faces being so formed as to be adapted to rest on the top surface of a stove, either side up, so that heat may be evenly conducted through the body of the mold, all the heat-absorbing and conducting sides of the mold being of substantially the same thickness, whereby a cup may first be formed with the projections downward, and afterward baked in the reverse position to facilitate the baking and allow the cup to be turned out of the mold, as and for the purpose described."

While it must be conceded that no marked advance in the art is presented by the complainant's device, it has taken the final step to complete success, and I see no reason for denying it the protection of the law. The exercise of inventive talent may not have been severe, but invention in some degree has been shown, I think, and, if this be true, the court is not called upon to measure it by an exacting standard. Clark, etc., Co. v. Copeland, Fed. Cas. No. 2,866; Washburn Co. v. Haish (C. C.) 4 Fed. 900. With regard to the patents that have been offered to support the defense of anticipation, I need only say that none of them appears sufficiently relevant to need discussion, except the Swiss patent to Aegeter. This is an undoubted anticipation in several particulars, but, if the rule be remembered that should be applied to such publications when they are relied on to defeat a domestic patent, I think it will be seen that Aegeter's device does not anticipate Valvona's mold. The rule is thus stated in Hanifen v. Godshalk Co., 84 Fed. 649, 28 C. C. A. 507, by the Circuit Court of Appeals for this Circuit:

"It is a well-settled and familiar doctrine that an invention patented here is not to be defeated by a prior foreign patent, unless its descriptions or drawings contain or exhibit a substantial representation of the patented invention in such full, clear, and exact terms as to enable any person skilled in the art or science to which it appertains, without the necessity of making experiments, to practice the invention. Seymour v. Osborne, 11 Wall. 516, 555, 20 L. Ed. 33; Cahill v. Brown, 3 Ban. & A. 580, 587, Fed. Cas. No. 2,291."

Seymour v. Osborne was reaffirmed by the Supreme Court in Eames v. Andrews, 122 U. S. 66, 7 Sup. Ct. 1073, 30 L. Ed. 1064. See, also, National Co. v. Belcher, 71 Fed. 876, 18 C. C. A. 375; and Hanifen v. Armitage (C. C.) 117 Fed. 845. Now, if the Aegeter apparatus is examined with this rule in mind, I think it will be found to differ in several important respects from Valvona's. No one could practice Valvona's invention by the use of the Swiss device.

It is not an oven at all, but only a mold intended to be put into an oven and baked in the ordinary way. It could not produce an evenly baked cup if it were exposed to heat upon the top of a stove or over a gas flame, and it could not be turned so as to apply the heat to both sides of the mold. Moreover, as was said by the complainant in an argument addressed to the Patent Office while his patent was under consideration:

"These cups being thin, it is necessary that they get just so much baking, and no more, and to get this they must be baked where·they are under the attendant's immediate supervision. The top of a gas stove or the like is the only place this can be gotten. My molds as set forth in my claims are so constructed that they may be so used, heat is equally conducted to all portions surrounding the cups, and that they are adapted to be turned either side up as necessitated in baking."

Valvona's apparatus is so constructed that the distribution of heat is approximately uniform, and the result is that the cup is evenly baked—a matter of prime importance. So far as appears, Aegeter's device was not successful, and it was allowed to expire in a very short time for failure to pay the tax that was levied upon it. In brief, it never could have produced Valvona's cups without material modification. It was intended to be used in a different way from the apparatus in question, and was neither adapted to, nor actually employed in, the manner which is essential to the proper production of Valvona's results. I think, therefore, that the two combinations are, on the whole, materially distinct, although there are undoubtedly some elements that are common to both.

Concerning infringement, nothing need be said. Even a casual inspection shows that the defendant's apparatus is identical with the complainant's, except in a trifling detail.

The usual decree may be entered, with costs to the complainant.