## VALVONA–MARCHIONY CO. v. LOUISVILLE CONE CO. et al.

### (Circuit Court, W. D. Kentucky. April 15, 1911.)

PATENTS (§ 328*)—VALIDITY—MOLDS FOR BISCUIT CUPS—INFRINGEMENT.
　　Valvona patent, No. 701,776, for a mold for making biscuit cups to be used to hold ice cream, *held* valid and infringed.

In Equity. Bill by the Valvona-Marchiony Company against the Louisville Cone Company and others for infringement of Valvona patent, No. 701,776, for a mold for making biscuit cups to be used to hold ice cream. Decree for complainant.

H. H. Huffaker, of Louisville, Ky., for complainant.
W. M. Smith, of Louisville, Ky., for defendant.

EVANS, District Judge. A careful reading of the testimony has not led me to change the views formed when the motion for an injunction pendente lite was sustained. Nor has it led me to differ from Judge McPherson in Valvona v. D'Adamo (C. C.) 135 Fed. 544, who sustained the patent which forms the basis of this action, and which has been assigned by the patentee to the complainant.

To support what we may call the positive defenses set up in the answer the defendants offered no satisfactory testimony. In view of the evidence, the opinion and ruling of Judge McPherson, and the presumptions arising in favor of the validity of the patent issued to Valvona by the United States, we have reached the conclusion that the complainant's cause of action has been sustained, and that it is entitled to such part of the relief prayed for in its bill as it may insist upon, though I can myself hardly see the wisdom of having an accounting with the defendants, who are apparently very poor. That, however, is for the complainant to say.

It may be remarked that we can see no difference in the applicable principles between a cup and a cone, inasmuch as the latter seems, in this connection, to be nothing more than the former in a different shape.

A judgment may be prepared and submitted.