## VALVONA–MARCHIONY CO. v. PERELLA et al.

### (District Court, W. D. Pennsylvania. March 12, 1913.)

### No. 114.

1. PATENTS (§ 328*)—VALIDITY—MOLDS FOR ICE CREAM BISCUIT CUPS.

The Valvona patent, No. 701,776, for a mold for making biscuit cups to be used for holding ice cream, *held* valid, especially in so far as it provides for an appliance having all the heat absorbing and conducting sides of the mold of substantially the same thickness.

2. PATENTS (§ 328*)—ICE CREAM BISCUIT CUP—INFRINGEMENT—"SUBSTANTIALLY."

Complainant sued for infringement of Valvona patent, No. 701,776, for a mold for making biscuit cups for holding ice cream; the important provision of the claim being a mold so constructed that all the heat absorbing and conducting sides were substantially of the same thickness. *Held*, that the word "substantially" meant that it was the same in all important particulars, implying that the results of the use of the device could not be obtained if there was a difference in the thickness; and hence the patent was not infringed by a similar mold used by defendant, much heavier in construction, and the heat absorbing and conducting sides of which were not substantially of the same thickness.

3. PATENTS (§ 312*)—INFRINGEMENT—NATURE OF WRONG—BURDEN OF PROOF.

Infringement of a patent is a tort, and the burden of proving it is on him who asserts it.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 544–549; Dec. Dig. § 312.*]

In Equity. Suit by the Valvona-Marchiony Company against Fred Perella and another. Bill dismissed.

F. W. Winter and F. W. H. Clay, both of Pittsburgh, Pa., and H. H. Huffaker, of Louisville, Ky., for complainant.

Paul Synnestvedt and James C. Bradley, both of Pittsburgh, Pa., for defendants.

ORR, District Judge. This patent case comes before the court for final hearing upon bill, answer, replication, and proofs. The defense by the defendant Gambadella is that he is not a partner of the other defendant, but is merely an employé. No evidence was offered by the

complainant in support of its averment that Gambadella was a partner, and therefore the bill should be dismissed as to him.

[1] The defenses set up by Perella are that the patent is invalid, and that, even if valid, his apparatus does not infringe complainant's. That the patent is valid was held by Judge McPherson in the Eastern District of Pennsylvania in Valvona v. D'Adamo, 135 Fed. 544, by Judge Evans in the Circuit Court for the Western District of Kentucky in Valvona-Marchiony Co. v. Louisville Cone Co., 207 Fed. 374, and by Judge Dodge in the Circuit Court for the District of Massachusetts in Valvona-Marchiony Co. v. Moses Silverstein, 207 Fed. 374. Both Judge Evans and Judge Dodge approved the opinion of Judge McPherson. This court is of the opinion that Judge McPherson's conclusions as to the validity of the patent are right in all respects. The question of validity is therefore found in favor of the complainant in this present case.

The patent in controversy is No. 701,776, issued June 2, 1902, and relates to improved apparatus for baking biscuit cups for ice cream. There is but one claim in the patent, which is as follows, except that the court has italicized a part:

"A combined mold and oven for producing biscuit cups or dishes, consisting of two metal plates connected together by a hinge and provided with handles and means for securing said plates in closed position, the opposing inner faces of the said plates being provided, one with a projecting core and the other with an indented mold in the metal of such face into which the core fits, with a small space between the two, and the outer faces being so formed as to be adapted to rest on the top surface of a stove either side up, so that heat may be evenly conducted through the body of the mold, *all the heat absorbing and conducting sides of the mold being of substantially the same thickness*, whereby a cup may first be formed with the projections downward and afterward baked in the reverse position to facilitate the baking and allow the cup to be turned out of the mold, as and for the purpose described."

The application was filed in the Patent Office on July 12, 1901, and rejected in view of the prior art until the applicant had inserted in his claim the language above italicized. and had inserted in his specifications the following:

"All the heat absorbing and conducting sides of the mold are of substantially the same thickness, so that heat may be evenly conducted through the body of the mold, as will be seen by reference to the drawings."

Many of the elements found in the claim are old, as is apparent to any one familiar with waffle irons and kindred apparatus. The device is therefore one of narrow limitations. This is the view expressed by Judge McPherson in Valvona v. D'Adamo (C. C.) 135 Fed. 544, 545, where he says:

"While it must be conceded that no marked advance in the art is presented by complainant's device, it has taken the final step to complete success, and I see no reason for denying it the protection of the law. The exercise of inventive talent may not have been severe; but invention in some degree has been shown, I think, and if this be true, the court is not called upon to measure it by an exacting standard."

He further says (page 546):

"Valvona's apparatus is so constructed that the distribution of heat is approximately uniform, and the result is that the cup is evenly baked—a matter of prime importance."

[2] We must conclude, therefore, from the action of the Patent Office and from the consideration given by Judge McPherson to the patent, that the important feature is found in a requirement of—

"all the heat absorbing and conducting sides of the mold being of substantially the same thickness."

The apparatus used by the defendant Perella is much heavier than that of the complainant, so far as the evidence discloses, and has not got the heat absorbing and conducting sides of substantially the same thickness. It is also in evidence that it is not adapted to rest on the top surface of a stove either side up. It rests upon trunnions, so that it may be turned as necessary toward the flame. If uniformity of thickness in all the sides of the mold is necessary, in order that heat may be evenly conducted through the body of the mold, then it seems as if the heat which bakes the cup or cone in the defendant's apparatus is not evenly conducted through the body of the mold. If the patent were to be construed broadly, there is no doubt in the mind of the court that the apparatus of the defendant would infringe that of the patent. But in view of the narrow limitation of the patent, this court cannot see, from the testimony or from the exhibits, that the defendant's apparatus infringes.

[3] Infringement is a tort, and the burden of proving the commission of a tort rests upon him who asserts it. If the tort is not clearly established, then infringement should not be found.

In construing the word "substantially" in the portion of the claim italicized as above, the court is disposed to take the view of Judge Woodbury in Adams v. Edwards, Fed. Cas. No. 53, 1 Fed. Cas. 112, 114, 115:

"When we say a thing is substantially the same, we mean it is the same in all important particulars. It must be of the same material, when the material is important; it must be of the same thickness, when thickness is important."

That thickness was considered important by the patentee is without doubt, and that it was the controlling influence upon the Patent Office appears in the file wrapper. The use of the word "substantially," then, in connection with the words "the same thickness," implies that the results of the use of the device of the patent could not be obtained if there was a difference in the thickness.

It does not appear just exactly what form of apparatus the complainant is now using in its business, but it may reasonably be inferred from the testimony that it is not using apparatus which conforms in all respects to the apparatus described in the specifications and drawings of the patent.

The court cannot find under the evidence that the defendant Perella has been guilty of infringement. and therefore must dismiss the bill, at complainant's