VALVONA–MARCHIONY CO. v. PERELLA et al.

(Circuit Court of Appeals, Third Circuit. February 25, 1914.)

No. 1786.

1. PATENTS (§ 167*)—INVENTION—SPECIFICATIONS—DISCLOSURE.
     A patentee is bound to disclose his invention in his specifications and may not successfully claim infringement with reference to a matter not so disclosed.
     [Ed. Note.—For other cases, see Patents, Cent. Dig. § 243; Dec. Dig. § 167.*]

2. PATENTS (§ 328*)—VALIDITY—ICE CREAM CONES.
     The Valvona patent, No. 701,776, for a mould for making biscuit-cups, *held* void for want of patentable invention.

Appeal from the District Court of the United States for the Western District of Pennsylvania; Charles P. Orr, Judge.

Suit in equity by the Valvona-Marchiony Company against Fred Perella and another. From a decree of dismissal (207 Fed. 377), complainant appeals. Affirmed.

F. W. Winter and F. W. H. Clay, both of Pittsburgh, Pa., and H. H. Huffaker, of Louisville, Ky., for appellant.

Paul Synnestvedt and James C. Bradley, both of Pittsburgh, Pa., for appellees.

Before GRAY and BUFFINGTON, Circuit Judges, and YOUNG, District Judge.

BUFFINGTON, Circuit Judge. In the court below the plaintiff, the Valvona-Marchiony Company, owner of patent No. 701,776, granted June 2, 1902, to Antonio Valvona, for an apparatus for baking biscuit-cups for ice cream, filed a bill against Fred Perella and others, charging infringement thereof. On final hearing that court entered a decree dismissing the bill for noninfringement. Thereupon this appeal was taken.

This patent has been the subject-matter of several cases. The published opinions are as follows: The court below, 207 Fed. 377; Eastern District of Pennsylvania, 135 Fed. 544; District of New Jersey, 207 Fed. 380; District of Massachusetts, 207 Fed. 374; District of Kentucky, 207 Fed. 374. The patent has now for the first time reached a Circuit Court of Appeals. After argument, we have reached the conclusion the decree of the court should be affirmed; but, as we base that conclusion on the invalidity of the patent, we deem it proper to set forth the reasons that lead us to this conclusion. The patent concerns, or rather has been made to concern, the edible baked dough cones or horns in which ice cream is sold on the street or at public places. These cones have proved very popular, as by the use of them ice cream can be carried in the hand and eaten without a spoon, and the cone itself is both edible and attractive. Such cones are made in large quantities and are sold by the manufacturers thereof to dealers in ice cream. The business has grown to a large industry and a monopoly thereof under this patent would be valuable.

[1] It seems to be assumed on all sides that this cone industry is the outgrowth of this patent. An examination of the patent, however, shows that, if Valvona had the cone in view, he did not disclose it in his specification. By the statute he was bound to disclose his invention in order that the public might practice it when his patent expired. An examination of his specification shows that, if the disclosure therein made was all the information the public had, the use of cones would not be known. This is plain when the patent is studied. The patent avers it is for baking biscuit-cups; the only vessel illustrated is an ordinary shaped cup with a flat bottom; the word "cup" is used as synonymous with dish. Moreover, no mould for making anything but this flat bottomed cup or dish is shown. And not only is the interior of the matrix flat bottomed, but the die as well, and this interior flat bottom has a corresponding exterior flat bottom, which is made flat for functional reasons. Thus the mould, as stated in the specifications, is designed so as "to occupy a stable position on the top of the gas range," and in the claim, "the outer faces being so formed as to be adapted to rest on the top surface of a stove either side up." Now while it is true the specification says, "The cups or dishes thus

produced may be either of the shape shown in Figs. 7 and 8, or of other preferred pattern," yet the fact still remains that neither text nor drawing disclosed the idea of a cone-shaped vessel or an apparatus for making one. As there is no proof that any machines were ever constructed to make these biscuit-cups for ice cream, it is evident that the subsequent development of the popular ice cream cones may as well be attributed to any one else as to Valvona. Certain it is they were not disclosed by his patent. Confining ourselves, therefore, to. the actual disclosure of Valvona's patent, did it involve invention?

[2] It will be observed that this is an apparatus patent and the question is: Did the devising of this machine to press and bake biscuit cups involve invention? The use of dies for forming and baking indented pastry is as old in the culinary art as waffles. Indeed, a waffle is defined as an indented cake. In fact, there was no other way to make the apparatus than simply to make corresponding cup dies of the desired size and utilize them on a jointed and reversible waffle iron. And this is all Valvona did. Putting aside the verbiage of his description and looking at what his biscuit-cup apparatus really was, we find it simply a reduced pair of jointed waffle irons with cup dies substituted for waffle dies. In its passage through the patent office his patent was four times rejected; the waffle iron patent to Griswold, inter alia, No. 270,659, of January 16, 1883, being effectively cited against his application. Conceding, for present purposes, that there may have been some inventive originality in the use of an edible dough cup, yet the suggestion of such a use antedated Valvona. Indeed, he says he owned one of the cone-shaped moulds of Aegeter's Swiss patent No. 1443 of September 24, 1889, before he designed his apparatus. Having also the waffle irons of the old art, with their indented dies, with the evenness and completeness of baking that came from reversal, it seems clear to us that the problem of constructing a mould for shaping and baking a flat bottomed dough cup was a mechanical rather than an inventive task.

After a patient study of the patent and of all that has been said in support thereof in the various cases referred to, we are of opinion that the several rejections of the Patent Office were the just estimate of the noninventive character of Valvona's mould.

The decree below will therefore be affirmed on the ground that this patent was invalid.